UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER GERACI, Individually,
and on behalf of his children, HANNAH
GERACI and SHELBY GERACI,

                      Plaintiffs,

   -against-

Albany County; James Campbell,
as Sheriff of the Albany County
Sheriff's Department; Albany
County Sheriff's Department and
Lt. Sara Stout, Individually and
in her official capacity as a Member of
the Albany County Sheriff's Department.

                      Defendants.
_____

**COMPLAINT**
Case # 04 CV ____
(   ) (   )

      Plaintiffs, by and through their attorneys, Arcus Goldstein & Munnelly, Kenneth J. Munnelly, Esq. of counsel, complaining of the defendants, allege the following:

### INTRODUCTION

      1.    This is an action in which plaintiffs seek monetary damages and other relief for the violation of their federally guaranteed constitutional and civil rights, and their rights as otherwise guaranteed under the laws and constitution of the State of New York.

      2.    This litigation arises out of conduct that took place between April 24, 2002 and November 1, 2003.

### JURISDICTION AND VENUE

3. This action arises under the Constitution of the United States, particularly the Fourth, Sixth and Fourteenth Amendments thereto, and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

4. The jurisdiction of this court is invoked under the provisions of Title 28 of the United States Code (U.S.C.), Sections 1331 and 1343.  Supplemental jurisdiction under the provisions of 28 U.S.C. § 1367 is also invoked.  To the extent that other relief may be appropriate and in the interest of justice, plaintiff also invokes the jurisdiction of this Court pursuant to and under 28 U.S.C. § 2201, *et seq*.

5. The value of the rights in question is in excess of one hundred thousand dollars, exclusive of interest and costs.

6. Venue is placed in this district in accordance with 28 U.S.C. § 1391 because it is where all the parties reside or conduct business and where the events complained of occurred.

**PARTIES**

7. Plaintiff Christopher Geraci, is an American citizen, over the age of 18 years and a resident of Albany County, State of New York.

8. Plaintiff Hannah Geraci (DOB 5/26/00) is Christopher Geraci's four year old daughter whose whereabouts are unknown at this time.

9. Plaintiff Shelby Geraci (DOB 1/25/99) is Christopher Geraci's five year old daughter whose whereabouts are unknown at this time.

10. Defendant Albany County is a government entity, which exists under the laws and constitution of the State of New York.

11. Defendant Albany County Sheriff's Department, is an agency and/or department duly created and vested with certain powers pursuant to the Albany County Charter with a principle place of business at the Albany County Courthouse, Albany, New York.

12. Defendant James Campbell is the duly elected Sheriff of the Albany County Sheriff's Department.

13. Defendant Lt. Sara Stout was an employee and agent of the Albany County Sheriff's Department from April 24, 2002 until November 1, 2003. During such time she served as a Lieutenant within the department. Notwithstanding the illegality of the conduct alleged hereinafter, defendant Stout's actions were taken pursuant to the authority and power vested in her as an agent and employee of the Albany County Sheriff's Department and incidental to the otherwise lawful performance of her functions.

14. Each of the defendants, individually and in concert, acted under pretense of their official capacity and under color of state law.

## ALLEGATIONS

15. On or about April 18, 2002, plaintiff filed a criminal complaint with the Cohoes Police Department alleging his wife, Heather Geraci, scratched him and hit him in the head with a broom while holding their then two-year-old daughter, Hannah, in her arms.

16. After receiving the complaint the police came to the Geraci home and spoke to Heather. She told the police plaintiff hit her. The police spoke to plaintiff again and decided not to arrest anyone.

17. On or about April 19, 2002, plaintiff filed a petition in Albany Family Court seeking custody of his two daughters, Shelby and Hannah. Plaintiff also filed a family offense petition against his wife.

18. On or about April 22, 2002, Heather Geraci contacted the Albany County Domestic Violence Office and was put in contact with defendant Stout. Lt. Sara Stout was in charge of the Albany County Sheriff's Department's Domestic Violence Unit.

19. On or about April 24, 2002, defendant Stout advised the Cohoes Police Department that she had re-interviewed Heather Geraci and secured an eleven-page deposition from her. Defendant Stout advised the Cohoes Police Department that plaintiff was the primary aggressor during the April 18th incident. She based her conclusion on a previous arrest in Saratoga County. She failed to advise Cohoes that the Saratoga charges against plaintiff were filed by Ms. Geraci and were dismissed.

20. On April 24, 2002, defendant Stout secured a warrant for plaintiff's arrest charging him with Assault 2nd degree, Unlawful Imprisonment 1st degree and Endangering the Welfare of a child.

21. After arresting plaintiff, defendant Stout took a personal interest in the Geraci Family Court proceedings and personally drove Heather Geraci to and from her court appearances. Defendant Stout advised Heather Geraci concerning her Family Court proceedings.

22. On April 25, 2002, plaintiff appeared in Albany Family Court on his two petitions and defendant Stout advised Albany County Family Court Judge Gerard E. Maney that she had a warrant for plaintiff's arrest. Judge Maney

suspended plaintiff's contact with the children and issued a temporary order of protection prohibiting plaintiff from having contact with his wife and children.

23.     On April 25, 2002, defendant Stout handcuffed plaintiff and took him to Cohoes City Court were he was arraigned on the criminal charges and released on $25,000.00 bail.

24.     On or about May 1, 2002, Judge Maney granted plaintiff supervised visits with his children at St. Catherine's.

25.     On or about July 25, 2002, plaintiff received a favorable report from St. Catherine's and Judge Maney gave him weekend visitation with his children, effective July 31, 2002.

26.     Heather Geraci ignored Judge Maney's July 31st visitation order and refused to allow the children to visit with their father.

27.     On or about August 21, 2002, plaintiff filed a violation petition alleging Ms. Geraci violated the Family Court order.  Heather Geraci appeared in court and stated on the record that she would produce the children on Friday, August 23, 2002, for plaintiff's visitation.  This is the last time Heather Geraci appeared in Albany Family Court.

28.     Heather Geraci failed to produce the children for plaintiff's August 23rd visitation.

29.     On September 10, 2002, a trial was scheduled for plaintiff's violation petitions.  Heather Geraci did not appear and Judge Maney granted temporary custody of the children to plaintiff and issued a warrant for Heather Geraci's arrest.

30. On September 13, 2002, an Albany County Grand Jury returned a "no bill" against plaintiff in his criminal case all charges against him were dismissed.

31. On September 27, 2002, Heather Geraci failed to appear at Albany Family Court and Judge Maney granted plaintiff sole custody of his two children and continued the warrant for Heather Geraci's arrest.

32. On or about August 23, 2002, Heather Geraci, with the assistance of defendant Stout, absconded with the children and left Albany County.

33. Defendant Stout knew there was a warrant for Heather Geraci's arrest but she nevertheless assisted Ms. Geraci in fleeing Albany County. Defendant Stout gave Ms. Geraci the names, addresses and phone numbers of individuals and shelters that could help her keep the children away from plaintiff.

34. Heather Geraci lived in a number of domestic violence shelters recommended by defendant Stout until she was apprehended in Dickinson, North Dakota on or about June 23, 2003.

35. North Dakota officials removed the children from Heather Geraci and plaintiff was scheduled to pick up the children in North Dakota on July 25, 2003.

36. The day before plaintiff was scheduled to pick up the children, the Stark County Department of Social Services permitted Heather Geraci to have unsupervised visitation with the children. Heather Geraci absconded with the children during that visit and she has not been seen since.

37. While Heather Geraci was in North Dakota she received phone calls from defendant Stout. During those phone calls defendant Stout advised

Ms. Geraci of the status of her case in Albany and gave her counsel with respect to how to keep the children away from plaintiff.

38.   Defendant Stout assisted Ms. Geraci in absconding with the children from North Dakota.  Defendant Stout provided transportation for Ms. Geraci and was in contact with the individuals who physically transported Ms. Geraci from Dickinson, North Dakota.

39.   After Ms. Geraci absconded with the children from North Dakota she went to defendant Stout's ranch in Sturgis, South Dakota.  Defendant Stout provided Ms. Geraci and the children with shelter, food and medical attention, knowing plaintiff had custody of the children and a warrant for Ms. Geraci 's arrest was pending in Albany County.

40.   Defendant Stout physically went to Sturgis, South Dakota and provided Heather Geraci with assistance with her flight from plaintiff, North Dakota officials and Albany Family Court.

41.   On or about September 1, 2003, defendant Stout applied for a leave of absence from the Albany County Sheriff's Department.  Stout's request was denied and she was ordered to return to Albany County from South Dakota.

42.   Defendant Stout disobeyed the order from her supervisors and remained in South Dakota assisting Heather Geraci.  Defendant Campbell began the process of bringing departmental charges against defendant Stout.  On November 3, 2003, defendant Stout resigned from the Albany County Sheriff's Department and mailed in her badge and identification papers from Sturgis, South Dakota.  Up to the day she resigned, defendant Stout, as an agent and employee of the Albany County Sheriff's Office, engaged in a course of conduct

to deny plaintiff access to his children and the children access to their father. Stout's conduct also enabled Heather Geraci to ignore and violate lawful orders of the Albany County Family Court.

43. On December 8, 2003, plaintiff served a notice of claim on defendants Albany County and Albany County Sheriff's Department.

## FIRST CAUSE OF ACTION

44. Plaintiff repeats and re-alleges paragraphs 1 through 43 herein and incorporates such paragraphs as if fully set forth herein.

45. Defendant Stout negligently and unlawfully interfered with plaintiff's custodial rights. As an employee of the Albany County Sheriff's Department she engaged in a conspiracy to deny plaintiff his custodial rights and to violate lawful orders of the Albany County Family Court.

46. Defendant Stout knew, or should have known, a warrant was issued for Heather Geraci's arrest. Nevertheless, she assisted Ms. Geraci in relocating outside of New York State.

47. Defendant Stout knew, or should have known, that plaintiff was granted certain custodial rights but she engaged in a course of conduct to deny him access to his children, as well as the children access to their father.

48. Defendant Stout's conduct violated plaintiff's civil rights. The right of a family to remain together is a constitutionally protected liberty interest, which is protectable under United States Constitution, Title 42, U.S.C. § 1983.

## SECOND CAUSE OF ACTION

49. Plaintiff repeats and re-alleges paragraphs 1 through 48 herein, and incorporates such paragraphs as if fully set forth herein.

50. Defendants Campbell and Albany County Sheriff's Department knowingly hired and retained an unqualified employee. They provided defendant Stout with inadequate training and supervision.

51. Defendant Stout was in charge of the domestic violence unit within the Sheriff's Department. Defendant Stout created this unit, which was basically an office of one person. Her physical office was not part of the Sheriff's physical office.

52. Defendant Stout did not report to a supervisor and was permitted to act independently without any controls or checks on her conduct. This policy enabled her to engage in unlawful and negligent behavior.

53. Defendants Campbell and Albany County Sheriff's Department engaged in a deliberate and conscious indifference in pursuit of departmental policy. The Sheriff's Department was deliberately indifferent to the need to train and supervise defendant Stout. They created an environment and a system that enabled defendant Stout to ignore the law without consequence.

54. Defendant Campbell and the Albany County Sheriff's Department are guilty of negligence in the appointment, training and supervision of defendant Stout. Their failure to provide proper training and supervision of defendant Stout was the cause of the deprivation of plaintiff's rights protected by the Constitution and the laws of the United States and the State of New York.

### THIRD CAUSE OF ACTION

55. Plaintiff repeats and re-alleges paragraphs 1 through 54 herein and incorporates such paragraphs as if fully set forth herein.

56. Defendant Albany County is legally responsible for the tortious acts of its Deputy Sheriffs.

57. The negligent acts and omissions of defendant Stout which were done in the performance of her official duty are the acts and omissions of defendant Albany County and the damages resulting therefrom are the liability of Albany County .

## FOURTH CAUSE OF ACTION

58. Plaintiff repeats and re-alleges paragraphs 1 through 57 herein and incorporates such paragraphs as if fully set forth herein.

59. Defendants actions have inflicted severe emotional pain and suffering upon the plaintiff.

60. Defendants were under a legal duty to abide by court orders and not interfere with plaintiff's rights to have access to his children.

61. Defendants were negligent in performing their duties.  As a result, plaintiff was denied physical custody of his children and continues to be denied the custody, love, affection and companionship of his children.

## FIFTH CAUSE OF ACTION

62. Plaintiff repeats and re-alleges paragraphs 1 through 61 herein and incorporates such paragraphs as if fully set forth herein.

63. Defendants' actions were outrageous, knowing and intentional, and so far beyond the bounds of conduct that should be countenanced by a civilized

society that defendants should be held liable for intentional infliction of emotional harm.

## SIXTH CAUSE OF ACTION

64. Plaintiff repeats and re-alleges paragraphs 1 through 63 herein and incorporates such paragraphs as if fully set forth herein.

65. Defendants' actions were in violation of 18 U.S.C. § 1962 in that the conduct of the defendants constituted more than one act of criminal activity, including conspiracy to commit kidnapping, contempt of court orders, use of interstate communications facilities to engage in criminal activity, and others. Defendants' acts have sufficient continuity to pose the threat of continued criminal activity.

66. As such, defendants are liable to plaintiff for all damages under the federal RICO statutes.

**WHEREFORE**, plaintiffs respectfully request judgment against the defendants as follows:

1. Damages in excess of $100,000.00 for the emotional pain and suffering that has been inflicted upon plaintiffs.

2. For such other and further relief as the Court may deem equitable and just.


Dated: October 22, 2004                                    _____
                                                          Kenneth J. Munnelly, Esq.
                                                          ARCUS GOLDSTEIN & MUNNELLY
                                                          4 Tower Place-Executive Park
                                                          Albany, New York 12203
                                                          Phone: (518) 489-1098
                                                          Bar # 104334

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER GERACI, Individually,
and on behalf of his children, HANNAH
GERACI and SHELBY GERACI,

                      Plaintiffs,

    -against-

Albany County; James Campbell,
as Sheriff of the Albany County
Sheriff's Department; Albany
County Sheriff's Department and
Lt. Sara Stout, Individually and
in her official capacity as a Member of
the Albany County Sheriff's Department.

                      Defendants.
_____

                      VERIFICATION

CHRISTOPHER GERACI, being duly sworn, deposes and states that deponent is the plaintiff in the above captioned action, that deponent has read the COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge, except as to those matters alleged on information and belief, and that as to those matters deponent believes them to be true.

_____
CHRISTOPHER GERACI

Sworn to me this \_\_\_ day
of _____, 2004

_____
NOTARY PUBLIC