**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTOPHER GERACI,** *individually and on behalf of his children*, **HANNAH GERACI and SHELBY GERACI,**

        Plaintiffs,           1:04-CV-1219
                                           (GLS\RFT)
        v.

**ALBANY COUNTY, JAMES CAMPBELL, ALBANY COUNTY SHERIFF'S DEPARTMENT, and SARA STOUT,**

        Defendants.
_____

**APPEARANCES:**         **OF COUNSEL:**

**FOR THE PLAINTIFFS:**

OFFICE OF KENNETH J. MUNNELLY    KENNETH J. MUNNELLY, ESQ.
21 Everett Road Extension
Albany, New York 12205

**FOR THE DEFENDANTS:**

ROCHE, CORRIGAN LAW FIRM    ROBERT P. ROCHE, ESQ.
36 South Pearl Street
Albany, New York 12207

**Gary L. Sharpe**
**U.S. District Judge**

                             **MEMORANDUM-DECISION AND ORDER**

# I. Introduction

Christopher Geraci alleges, *inter alia*, that Lt. Sara Stout, a former employee of the Albany County Sheriff's Department, conspired with his ex-wife, Heather Geraci, to deny him custody of his two children. In addition, he claims that Albany County and the Albany County Sheriff's Department are liable under 42 U.S.C. § 1983 for their failure to train and supervise their employees. *See Dkt. No. 1*.[1] Pending under Federal Rule of Civil Procedure 56 is defendants' motion for summary judgment. *See Dkt. No. 29*. For the reasons that follow, defendants' motion is denied.

# II. Facts

Heather Geraci is the natural parent of Shelby and Hannah Geraci (the children). *See Def. SMF ¶1; Dkt. No. 35.* In the Spring of 2002, the children were the object of cross-petitions filed in New York Family Court by both parents, Heather and Christopher Geraci. *See id.* at *¶2.* On September 1, 2002, Heather Geraci left New York State. *See id.* at *¶3.* At this time, the Family Court provided for unsupervised visitation of the

---

[1] In particular, Geraci asserts the following causes of action: (1) defendant Stout's conspiracy, in violation of 42 U.S.C. § 1983, to deny Geraci's custodial rights as a parent; (2) defendants' Campbell and Albany County Sheriff's Department's improper training and supervision of its employees, in violation of 42 U.S.C. § 1983; (3) defendant Albany County's negligence; (4) negligent infliction of emotional distress; (5) intentional infliction of emotional distress; and (6) violation of RICO, 18 U.S.C. § 1962. *See Dkt. No. 1*.

2

children by Christopher Geraci. *See id.*

In October, the Family Court awarded sole custody of the children to Christopher Geraci. *See Def. SMF ¶4; Dkt. No. 35.* Heather repeatedly failed to appear for court appearances or submit to the court's jurisdiction. *See id.* She traveled from shelter to shelter until she arrived in Dickinson, North Dakota in February of 2003. *See id.* at *¶5.* During this time, she would periodically contact Lt. Sara Stout, a member of the Albany County Sheriff's Office. *See id.* at *¶6.*

Defendants claim that Heather never advised Lt. Stout where she was. *See Def. SMF ¶7; Dkt. No. 35.* Instead, they maintain that prior to her departure, Lt. Stout and another investigator urged Heather not to leave the State with the children and to trust the judicial process. *See id.* To the contrary, Geraci claims that Lt. Stout knew Heather was in Sturgis, South Dakota, allowing her to stay there in a cabin she owned. *See Pl. SMF ¶7; Dkt. No. 39.* In fact, he maintains that Lt. Stout was actually in South Dakota with Heather during the time when Heather had recently committed a felony in North Dakota, was violating the Albany County Family Court's order, and was the subject of an arrest warrant. *See id.*

In June 2003, another client of the Dickinson, North Dakota shelter

3

informed authorities that Heather Geraci and her children were there. *See Def. SMF ¶8; Dkt. No. 35*. Heather was apprehended, and the children were placed in foster care. *See id.* Heather eventually left North Dakota with the children. *See id.* at *¶9*.

Defendants maintain that from the Spring of 2003 until she resigned, Lt. Stout became increasingly unhealthy, and she had several periods of absence from work to accommodate her treatment and recovery. *See id.* at *¶12*. Instead, Geraci claims that Lt. Stout was in Sturgis, North Dakota with Heather during the time she was absent from work. *See Pl. SMF ¶12; Dkt. No. 39.* Defendants maintain that the Albany County Sheriff's Department investigated Lt. Stout's involvement in the Geraci matter. *See Def. SMF ¶14; Dkt. No. 35*. Geraci disputes this fact. *See Pl. SMF ¶14; Dkt. No. 39.*

On November 3, by facsimile, Lt. Stout submitted her resignation from the Albany County Sheriff's Department. *See Def. SMF ¶15; Dkt. No. 35*. The authorities in North Dakota prosecuted several people involved in the Geraci matter, but there were no charges brought against Lt. Stout. *See id.* In March of 2005, Heather was apprehended in Utah, and the children were returned to Geraci while Heather was prosecuted. *See id.* at

4

¶*16.*  Lt. Stout died in March 2006.  *See id.*

## III. Discussion

**A.     Standard of Review - Motion for Summary Judgment**

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (citing FED. R. CIV. P. 56(c)); *Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165,170 (2d Cir. 2006) (citation omitted).  All reasonable inferences must be drawn in favor of the nonmoving party.  *See Allen v. Coughlin,* 64 F.3d 77, 79 (2d Cir.1995).  The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*,  477 U.S. 317, 323 (1986) (citation omitted); *see also SEC. v. Kern*, 425 F.3d 143, 147 (2d Cir. 2005).  "A 'genuine' dispute over a material fact only arises if the evidence would allow a reasonable jury to

5

return a verdict for the nonmoving party." *Dister v. Cont'l Group*, *Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988) (citation omitted). However, "[c]onclusory allegations, conjecture and speculation...are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998).

## B. Defendants' Motion

As an initial matter, defendants point out that no process has been served on Lt. Stout. Geraci does not respond to defendants' observation. At this juncture, the period within which Geraci had to timely effectuate service on Lt. Stout has expired. *See* FED. R. CIV. P. 4. Accordingly, all claims against Lt. Stout are dismissed.[2]

The remainder[3] of defendants' motion attacks the credibility of plaintiffs' witnesses and the truthfulness of Geraci's allegations.[4]

---

[2] Lt. Stout is now deceased, and plaintiffs have not sought to pursue their action against her estate.

[3] Defendants' reply brief attacks Geraci's *Monell* claim. Specifically, defendants argue that Geraci's complaint fails to state a claim for relief against them because Geraci has not demonstrated how defendants' policies furthered Lt. Stout's unconstitutional behavior. In his complaint, Geraci alleges that defendants failed to supervise Lt. Stout, and therefore, she was able to behave in an unconstitutional way without consequences. Construing the facts in the light most favorable to Geraci, the complaint states a sufficient *Monell* claim against defendants at this juncture. Moreover, because this Order is not entirety dispositive and all other claims against the county defendants survive, the court will also allow Geraci's *Monell* claim to survive.

[4] Based on evidentiary arguments, both parties request that the court reject certain documents relied on by their opponent. At this juncture, the court declines to reject or strike any supporting affidavits or other documents. The parties may renew their evidentiary arguments, if they so choose, at trial.

6

Defendants do not argue that Geraci's complaint fails to state claims for relief against them. At this juncture, the court's role is not to weigh the evidence and the credibility of witnesses and accept one party's version of the facts over another. These determinations are for trial, reserved solely for the trier of fact. Accordingly, defendants' motion is denied.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that all claims against Lt. Stout are **DISMISSED** and Lt. Stout is removed from the caption of this lawsuit; and it is further

**ORDERED** that the remainder of defendants' motion for summary judgment (*Dkt. No. 29*) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

August 21, 2007
Albany, New York

*Gary L. Sharpe*
U.S. District Judge